UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:  Case No. 8:16-bk-2196-CPM
Chapter 7

LUCIE ERIN SABINA,

    Debtor.
_____/

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 801 N. Florida Avenue, Tampa, Florida 33602 and serve a copy on the movant's attorney, Karen S. Cox, Esq., Bush Ross, P.A., 1801 N. Highland Avenue, Tampa, Florida 33602, and any other appropriate persons within the time allowed.**
>
> **If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

**MOTION OF RIVERCREST COMMUNITY ASSOCIATION, INC.
FOR RELIEF FROM STAY BY CONSENT (SURRENDERED PROPERTY)**

Rivercrest Community Association, Inc. (the "**Association**"), by and through undersigned counsel, and pursuant to Section 362(d) of Title 11, United States Code (the "**Bankruptcy Code**"), moves the Court for the entry of an order granting it relief from the automatic stay and in support thereof states:

1.    On March 15, 2016 (the "**Petition Date**"), Lucie Erin Sabina (the "**Debtor**"), filed a voluntary petition (the "**Petition**") under Chapter 7 the Bankruptcy Code in the United States Bankruptcy Court, for the Middle District of Florida, Tampa Division.

2. The Association is a creditor pursuant to the Declaration of Covenants, Conditions and Restrictions for Rivercrest Community (the "**Declaration**") entered into by the Debtor by purchasing the property located at 11080 Winter Crest Dr., Riverview, Florida (the "**Property**") and described as:

> **Lot 4, Block 15, RIVERCREST TOWNHOMES WEST PHASE 2, according to map or Plat thereof, recorded in Plat Book 101, Pages 162 through 169 of the Public Records of Hillsborough County, Florida**

3. The Association is secured as indicated in the Declaration.

4. The Association holds a judgment lien on the Property by virtue of the Final Judgment of Foreclosure entered on December 18, 2015, in case no. 14-CA-003941 by the County Court of Hillsborough County, Florida, which was recorded in O.R. Book 23755, Pages 40 - 44 of the Public Records of that county. A true and correct copy of the recorded Final Judgment is attached hereto as **Exhibit "A"**. The commencement of the instant bankruptcy case stayed the state court proceedings and caused a foreclosure sale of the Property set for March 21, 2016 to be cancelled.

5. Under the terms of the Final Judgment, the Debtor owes the following as of the petition date:

| | |
|---|---|
| Judgment amount: | $49,900.00 |

6. Under the terms of the Declaration, the Debtor owes the additional amounts accruing since the entry of the Final Judgment:

| | |
|---|---|
| Monthly assessments for January through August 2016 | $ 1,826.88 |
| December 18, 2015 fine | $ 1,000.00 |
| Late Fees | $   200.00 |
| Interest at 18% per annum on assessment | $   328.84 |

7. The Debtor surrendered the Property.

**RELIEF FROM THE AUTOMATIC STAY**

8. Pursuant to Section 362(d) of the Bankruptcy Code, the Association is entitled to relief from the automatic stay to pursue its unpaid fees and assessments through the foreclosure sale of the Property.

9. Cause exists for relief from the automatic stay because the Debtor surrendered the Property, the Debtor is not making payments to the Association for the monthly assessments as they become due, the Debtor does not have any equity in the Property, and the Court has granted stay relief as to another secured creditor.

10. The Association requests that the Court waive the fourteen (14) day stay of the Order Granting Relief from Stay pursuant to the Bankruptcy Rule 4001(a)(3) so that the Association can pursue its remedies without further delay.

WHEREFORE, the Association, Inc. respectfully requests that this Court enter an order (i) finding that cause exists to grant the Association relief from the automatic stay under Section 362(d); (ii) granting the Association relief to pursue its rights under applicable law *in rem* to proceed against the Property; (iii) waiving the fourteen (14) day stay of the order granting relief from stay, (iv) awarding attorneys' fees in the amount of $450 and $176 in costs, and (v) granting such other and further relief as the Court deems just and proper.

Dated: Tampa, Florida
       August 18, 2016

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida  33601-3913
(813) 224-9255
(813) 223-9620 (telecopy)
Attorneys for Rivercrest Community
Association, Inc.

By: /s/ Karen S. Cox
      Karen S. Cox
      Florida Bar No. 456667
      kcox@bushross.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 18, 2016, I electronically filed a true and correct copy of the foregoing Motion of Rivercrest Community Association, Inc. for Relief from Stay by Consent (Surrendered Property) with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing to the following parties in the manner of service indicated below:


               /s/ Karen S. Cox
               ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

G. Donald Golden, Esq.
Austin M. Noel, Esq.
Traci K. Stevenson, Esq.
United States Trustee

**Via first class United States Mail, postage prepaid, to:**

Debtor, Lucie Erin Sabina, 11080 Winter Crest Dr., Riverview, Florida 33569

Debtor's Counsel, G. Donald Golden, Esq., The Golden Law Group, 808-A Oakfield Dr., Brandon, Florida 33511

Trustee, Traci K. Stevenson, Post Office Box 86690, Madeira Beach, Florida 33738

United States Trustee, 501 E. Polk St., Suite 1200, Tampa, Florida 33602

6037057

**EXHIBIT "A"**

INSTRUMENT#: 2015489017, BK: 23755 PG: 40 PGS: 40 - 44 12/18/2015 at 08:07:54 AM, DEPUTY CLERK:BLOGGANS Pat Frank,Clerk of the Circuit Court Hillsborough County

Case 8:16-bk-02196-CPM    Doc 19    Filed 08/18/16    Page 6 of 10

THIS IS NOT A CERTIFIED COPY

# IN THE CIRCUIT COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION CASE NO.: 14-CA-003941, DIVISION N

RIVERCREST COMMUNITY ASSOCIATION, INC.,
    Plaintiff,

vs.

LUCIE SABINA, A SINGLE PERSON,
    Defendant.

_____/

## UNIFORM FINAL JUDGMENT OF FORECLOSURE
*(Effective March 2, 2015)*

THIS ACTION was heard before the Court on Plaintiff's Motion for Final Judgment on December 7, 2015. Based on the evidence presented and being otherwise fully informed in the premises,

IT IS ADJUDGED that:

1. The Plaintiff's Motion for Final Judgment is GRANTED. Service of process has been duly and regularly obtained over LUCIE SABINA, Defendant.

2. **VALUE OF CLAIM**: At the initiation of this action, in accordance with section 28.241(1)(a)2.b., Florida Statutes (effective for actions filed on and after June 1, 2009), Plaintiff estimated the amount in controversy of the claim to be **$27,843.56. In accordance with 28.241(1)(a)2.c., Florida Statutes, the court identifies the actual value of the claim to be $49,900.00.** For any difference between the estimated amount in controversy and the actual value of the claim that requires the filing fee to be adjusted, the clerk shall adjust the filing fee. In determining whether the filing fee needs to be adjusted, the following graduated filing fee scale in section 28.241(1)(a)2.d., Florida Statutes, controls:

| | |
|---|---|
| $400 | Value of claim less than or equal to $50,000 with 5 defendants or less |
| $905 | Value of claim greater than $50,000 but less than $250,000 with 5 defendants or less |
| $1,905 | Value of claim $250,000 or greater with 5 defendants or less |

If an excess filing fee was paid, the clerk shall provide a refund of the excess fee. If an additional filing fee is owed, the Plaintiff shall pay the additional fee prior to the judicial sale. If any additional filing fee owed is not paid prior to the judicial sale, the clerk shall cancel the judicial sale without further order of the court.

2062088.1

THIS IS NOT A CERTIFIED COPY

3. **Amounts Due.** There is due and owing to the Plaintiff the following:

| | |
|---|---|
| Principal due on **lien assessments** foreclosed: | $ 32,508.56 |
| Interest on the lien assessments through 12/07/15 | $ 14,537.44 |
| Late Charges | $ 0.00 |
| Escrow Advances | $ 0.00 |
| Title search expenses | $ 25.00 |
| Taxes | $ 0.00 |
| Insurance premiums | $ 0.00 |
| Certified Mail | $ 10.00 |
| Court Costs: | |
| • Filing fee | $ 400.00 |
| • Record lis pendens | $ 5.00 |
| • Issue Summonses | $ 10.00 |
| • Service of Process | $ 135.00 |
| • Notice of Action / Publication | $ 155.00 |
| • Recording Fee | $ 18.50 |
| • Photocopy | $ 2.00 |
| • Release and dismissal | $ 23.50 |
| SUBTOTAL | $ |
| Attorney fees total: | $ 2,350.00 |
| Less: Undisbursed escrow funds | $ 0.00 |
| Less: Unearned insurance premiums | $ 0.00 |
| Less: (Payments received) | ($ 280.00) |
| TOTAL SUM | $ 49,900.00 |

4. **Interest**. The total sum referenced in Paragraph 3 shall bear interest from this date forward at the prevailing legal rate of interest.

5. **Lien on Property.** Plaintiff, whose address is RIVERCREST COMMUNITY ASSOCIATION, INC., c/o Wise Property Management, Inc. 17824 N. US Highway 41, Lutz, FL 33549-4502, holds a lien for the total sum specified in Paragraph 3 herein. The lien of the plaintiff is superior in dignity to any right, title, interest or claim of the defendants and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to sections 718.116 or 720.3085, Florida Statutes. The plaintiff's lien encumbers the subject property located in Hillsborough County, Florida and described as:

> Lot 4, Block 15, RIVERCREST TOWNHOMES WEST PHASE 2, according to map or Plat thereof, recorded in Plat Book 101, Page 162 through 169 of the Public Records of Hillsborough County, Florida.

2062088.1

THIS IS NOT A CERTIFIED COPY

6.  **Sale of Property.** If the total sum with interest at the rate described in Paragraph 4 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property to the highest bidder for cash at public sale on _____3/21_____, 20_16_, at 10:00 A.M. after having first given notice as required by Section 45.031, Florida Statutes. The judicial sale will be conducted electronically online at the following website: http://www.hillsborough.realforeclose.com. At least three (3) days prior to the sale, Plaintiff must pay the costs associated with the Notice of Publication. The party or their attorney shall be responsible for preparing, in accordance with section 45.031(2), Florida Statutes, and submitting the Notice of Sale to a legal publication. The original Notice of Sale and Proof of Publication must be filed with the Clerk of the Circuit Court at least 24 hours prior to the scheduled sale date.

7.  **Costs.** Plaintiff shall advance all subsequent required costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. *If a third party bidder is the purchaser, the third party bidder must pay the documentary stamps attached to the certificate of title in addition to the bid.* The purchaser of the property shall be required to pay the electronic sales fee assessed in accordance with section 45.035(3), Florida Statutes. *The Clerk will not issue the Certificate of Title if the electronic sales fee is not paid.*

8.  **Additional Expenses.** If Plaintiff incurs additional expenses subsequent to the entry of this final judgment but prior to the sale date specified in paragraph 6 herein, Plaintiff may, by written motion served on all parties, seek to amend this final judgment to include said additional expenses.

9.  **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate, *unless the property is purchased by a third party bidder*; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in Paragraph 4 from this date to the date of the sale; and by retaining any remaining amount pending further Order of this Court.

10. **Right of Possession / Right of Redemption.** On filing of the Certificate of Title, defendant and all persons claiming under or against defendant since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon filing of the certificate of title, the person named in the certificate of title shall be let into possession of the property. On filing of the Certificate of Sale, defendant's right of redemption as proscribed by Florida Statutes, Section 45.0315 shall be terminated.

11. **Attorneys' Fees.**

The Court finds, based upon the affidavits presented and upon inquiry of counsel for the plaintiff, that ten (10) hours were reasonably expended by plaintiff's counsel and that

THIS IS NOT A CERTIFIED COPY

an hourly rate of $220.00 to $285.00 is appropriate. PLAINTIFF'S COUNSEL CERTIFIES THAT THE ATTORNEY FEE AWARDED DOES NOT EXCEED ITS CONTRACT FEE WITH THE PLAINTIFF. The Court finds that there are no reduction or enhancement factors for consideration by the Court pursuant to *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985).

12.     In accordance with Florida Statutes, Section 45.031:

        IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

        IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

        IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT AT 813-276-8100 EXT. 4733 WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

        IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT BAY AREA LEGAL SERVICES, 829 W. DR. MARTIN LUTHER KING BOULEVARD, 2ND FLOOR, TAMPA, FLORIDA, 33603-3336, TELEPHONE NUMBER, 813-232-1343, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE HILLSBOROUGH COUNTY BAR ASSOCIATION REFERRAL SERVICE AT 813-221-7780 FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

13.     **Assignment.** *The Plaintiff may assign the judgment and credit bid by the filing of an assignment prior to the issuance of the certificate of title without further order of the court.*

THIS IS NOT A CERTIFIED COPY

14. **Jurisdiction Retained.** The court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, *orders authorizing writs of possession and an award of attorney's fees, to enter deficiency judgments if the borrower has not been discharged in bankruptcy, and to enforce the adequate protection ordered, if applicable.*

IT IS ORDERED in Tampa, Hillsborough County, Florida, on ___12/7___, 2015.

_____
CIRCUIT JUDGE

Copies furnished to the following:

RIVERCREST COMMUNITY ASSOCIATION, INC.
C/O: Charles Evans Glausier, Esquire
Bush Ross, P.A.
Post Office Box 3913
Tampa, Fl 33601

Lucie Sabina
11080 Winter Crest Drive
Riverview, FL 33569

2062088.1